IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID MONTEZ, Individually and <br> as Next Friend of Nicholas Montez, <br> Deceased, ET AL. <br> <br> Plaintiffs, <br> <br> VS. <br> <br> DEPARTMENT OF THE NAVY <br> <br> Defendant. | § § § § § § § § § § § § | NO. 3-02-CV-1070-BD |

**MEMORANDUM OPINION AND ORDER**

Ray Montez, Jr., Carlos Natividad, Jr., David and Eloisa Montez, Individually and as Next Friend of Nicholas Montez, and Albert and Linda Valencia, Individually and as Next Friend of Abel Valencia, collectively referred to as "Movants," have filed a motion to set aside the judgment dismissing their claims or for alternative relief. For the reasons stated herein, the motion is denied.

I.

This case arises out of a single car accident that killed two teenagers and injured three other passengers. The driver of the car, Emilio Partida, was on active duty in the United States Navy serving a temporary assignment at the Naval Recruiting Station in San Angelo, Texas. While en route to a wedding party and dance in Big Lake, Texas on December 31, 2000, Partida, who was driving a Navy vehicle, lost control of the car while attempting to negotiate a sharp curve at a high rate of speed. Kimberly Whitt and Nicholas Montez were thrown from the car and killed by the impact. Ray Montez, Jr., Abel Valencia, and Carlos Natividad, Jr. were seriously injured.

On May 20, 2002, the legal representatives of Kimberly Whitt and Nicholas Montez, joined by the surviving passengers, sued the United States of America in federal district court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. The government filed a motion to dismiss on the grounds that Partida was acting outside the scope of his employment as a Navy recruiter at the time of the accident.[1]  The court granted the motion and dismissed the case for lack of subject matter jurisdiction. *Montez v. Dep't of the Navy*, 265 F.Supp.2d 750 (N.D. Tex. 2003). Only Kimberly's representatives appealed. On November 30, 2004, the Fifth Circuit reversed and remanded the case for further proceedings, holding that "the district court should not have resolved disputed facts dispositive of both subject matter jurisdiction and the merits of an FTCA claim on a 12(b)(1) motion." *Montez v. Dep't of the Navy*, 392 F.3d 147, 151 (5th Cir. 2004). Although not parties to the appeal, movants now seek to set aside the judgment dismissing their claims so they can rejoin the litigation. The government opposes the motion. The issues have been briefed by the parties and this matter is ripe for determination.

II.

Movants first contend that the court has plenary power to set aside the judgment of dismissal in the interests of justice because they were never "severed" from the underlying action before the case was appealed. The court disagrees. "A judgment is final when it terminates litigation on the merits and leaves the court with nothing to do except execute the judgment.*" Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 528 (5th Cir. 1996), *quoting Zink v. United States,* 929 F.2d 1015, 1020 (5th Cir. 1991). Such is the case here. The May 30, 2003 judgment fully adjudicated the issue of subject matter jurisdiction as to all parties. When movants failed to appeal that decision, the judgment became final as to them.

---

[1] The government concedes that Partida was negligent and that his negligence caused the accident in question. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

III.

Alternatively, movants seek relief pursuant to Fed. R. Civ. P. 60(b). A district court may vacate or set aside a final judgment "[o]n motion and upon such terms as are just . . . ." FED. R. CIV. P. 60(b). These terms include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. FED. R. CIV. P. 60(b)(1)-(5). The court may also set aside a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 159 (5th Cir.), *cert. denied*, 111 S.Ct. 89 (1990).

An adverse judgment which is successfully appealed by one co-party but not by another remains the law of the case as to the non-appealing party. *See Cruickshank & Co., Ltd. v. Dutchess Shipping Co., Ltd.*, 805 F.2d 465, 467-68 (2nd Cir. 1986); *In re Davis*, 150 B.R. 633, 639-40 (W.D. Pa. 1993). Rule 60(b) does not provide an avenue for relieving non-appealing co-parties from an adverse judgment. *See Annat v. Beard*, 277 F.2d 554, 559 (5th Cir.), *cert. denied*, 81 S.Ct. 270 (1960). "[P]rinciples of fairness among litigants prohibits allowing a nonappealing party to benefit from the efforts of those who choose to press their cases through the appellate . . . process[.]" *Dowell v. State Farm Fire and Casualty Automobile Insurance Co.*, 774 F.Supp. 996, 1001 (S.D. W.Va. 1991), *aff'd*, 993 F.2d 46 (4th Cir. 1993).

A.

Movants argue that "it is no longer equitable that the judgment should have prospective application" in light of the Fifth Circuit's decision reversing and remanding this case for further proceedings.  (*See* Mov't Br. at 2, *quoting* Fed. R. Civ. P. 60(b)(5)).  Rule 60(b)(5) applies only to judgments which require a court to supervise changing conduct or conditions that are provisional or tentative in nature.  *See In re Moody,* 849 F.2d 902, 906 (5th Cir.), *cert. denied*, 109 S.Ct. 493 (1988); *Cook v. Birmingham News*, 618 F.2d 1149 (5th Cir. 1980).  An appellate decision reversing the dismissal of a claim for lack of subject matter jurisdiction is not the type of "prospective application" the rule was intended to address.  *See Gibbs v. Maxwell House*, 738 F.2d 1153, 1156 (11th Cir. 1984); *Villescas v. Abraham*, 285 F.Supp.2d 1248 1253 (D. Colo. 2003) (same).

B.

Movants also seek relief under Rule 60(b)(6) because they lacked the funds necessary to prosecute an appeal.  (*See* Mov't Br. at 4-5).  However, a party's financial inability to retain appellate counsel, without more, is not an extraordinary circumstance justifying Rule 60(b)(6) relief.  *See Ackermann v. United States*, 178 F.2d 983, 986 (5th Cir. 1949), *aff'd*, 71 S.Ct. 209 (1950) ("Though we sincerely sympathize with those whose poverty may induce them to abandon the taking of an appeal, this in and of itself has never been considered to afford ground for setting aside a judgment."); *Long v. Carberry*, 151 F.R.D. 240, 245 (S.D.N.Y. 1993) (combination of illness and financial hardship do not rise to the level of extraordinary circumstances contemplated by Rule 60(b)(6)).  *Compare Klapprott v. United States*, 335 U.S. 601, 614- 15, 69 S.Ct. 384, 390-91, 93 L.Ed. 266 (1949) (combination of incarceration, illness, and indigency justified relief under Rule 60(b)(6)); *Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987), *cert. denied*, 108 S.Ct. 753 (1988) (combination of disabling illness and financial hardship were sufficient justification to

permit relief under rule). Nor is relief available merely because the Whitts, who elected to appeal the adverse judgment, have fared better than movants, who did not appeal. *See In re Davis*, 150 B.R. at 633, *citing In re Fine Paper Antitrust Litigation*, 840 F.2d 188, 194 (3rd Cir. 1988). Without proof of extraordinary circumstances, the court lacks authority to set aside the judgment under Rule 60(b)(6).[2]

## CONCLUSION

Movants' request to set aside the judgment or for alternative relief is denied.

SO ORDERED.

DATED: October 25, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent movants seek an order permitting them to intervene in this case pursuant to Fed. R. Civ. P. 24(b), such relief is not available to substitute for a timely appeal. *See Hess*, 281 F.3d at 216 (proper avenue for obtaining review of lower court decision is an appeal); *Pryor v. United States Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985) (same).